## No. 24

### BENHAM v. MILLER et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1424. Decided July 1, 1926

**941. PRACTICE AND PROCEDURE—Failure of plaintiff in error to file transcript of journal entry when no precipe was filed, is sufficient reason to dismiss proceedings in error (111 OS. 211 distinguished).**

BY THE COURT.

The defendant in error moves to dismiss the petition in error for the reason that the court has no jurisdiction of the case. It is claimed that the plaintiffs in error did not perfect their proceedings in error by filing a transcript of the journal entry of the order appointing a receiver which is the order under review.

The latest expression of the Supreme Court is the case of Columber vs. the City of Kenton, Ill., OS. 211. In that case it was held that there the plaintiff in error filed a precipe for a transcript of the journal entries and the omission was solely that of the clerk, that such failure to file the tarnscript through the omission of the clerk would not effect the jurisdiction of the court to hear the case.

Here, however, there was no precipe filed by counsel for plaintiff in error and no transcript has been filed up to this date. We are therefore of opinion that this case is distinguishable from the case of Columber vs. The City of Kenton. We therefore hold that the motion to dismiss the proceedings in error must be granted.

Judgment accordingly.

Attorneys—Smith W. Bennett, for Benham; Henry A. Williams and George R. Hedges for Miller et; all of Columbus.

## No. 23

### PANCERO v. PANCERO

Ohio Appeals, 1st Dist., Hamilton Co.

Decided April 12, 1926

**1235. VERDICTS—When a petition contains material allegations of agency, power to borrow money and conduct business, etc., it is error for a trial court to sustain a directed verdict where evidence tends to support such allegations.**

PER CURIAM.

Plaintiff in error, Louise Pancero who was plaintiff below, brought suit against Charles Pancero on three causes of action for money. The substance of the petition was that one Lester Pancero was the agent and manager of the butcher business of Charles Pancero, with authority to purchase supplies, conduct the business, collect accounts, borrow money for the business; and that in pursuance thereof he borrowed $350 from the said Louise Pancero and same has not been paid.

The defense, at the close of Louise Pancero's testimony, moved for a directed verdict and same was rendered by the Hamilton Common Pleas. Error was prosecuted and the Court of Appeals held:

1. The instructed verdict could only be correct if there was no evidence tending to sustain the material allegations of the petition.

2. The record discloses that the evidence tends to support the allegations of the petition in its essential parts.

3. The question presented as to whether or not Lester Pancero was the manager and agent of Charles Pancero, his power to borrow money, whether it was done at defendant's instance were all questions that should have been submitted to the jury under proper instructions.

Judgment therefore reversed.

(Buchwalter, PJ., Hamilton and Cushing, JJ., concur.)

Attorneys—Jos. T. Harrison for Louise Pancero; Froome Morris and August Knapp for Charles Pancero; all of Cincinnati.